**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| JOVANY ELEAZAR RENDON VASQUEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-02805-SHL-atc |
| | ) | |
| WEST TENNESSEE DETENTION FACILITY, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**ORDER REQUIRING SUPPLEMENTAL BRIEFING, STAYING TRANSFER, AND
REQUIRING RESPONSE**

On July 6, 2026, pro se Petitioner Jovany Eleazar Rendon Vasquez filed the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  (ECF No. 2.)  Petitioner's filing asserts that he was detained by Immigration and Customs Enforcement ("ICE") while "peacefully sitting in a parked vehicle."  (Id. at PageID 6.)  He alleges that he has been in Respondent's custody at the West Tennessee Detention Facility since, but does not state the time or circumstances of his arrest.  The Petition does not explain the circumstances surrounding Rendon Vasquez's immigration status in the United States, although it alleges that he is currently awaiting immigration proceedings.  (Id. at PageID 7.)

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing.  175 F.4th at 734. Here, Petitioner argues that his continued detention is unlawful, and that he is entitled to release or an "individualized custody determination before an immigration judge."  (ECF No. 2 at

PageID 8.)

Upon review of the Petition, it is **ORDERED** as follows:

(1)    Rendon Vasquez shall **SUPPLEMENT the Petition** within **five days** of receipt of this Order, and provide a factual basis affirmatively showing why he is entitled to the remedies of release or a custody redetermination.

(2)    The Clerk of Court shall email copies of **the Petition (ECF No. 1), this Order (ECF No. 5), and Petitioner's supplemental briefing** to the United States Attorney for the Western District of Tennessee at the following email address: **stuart.canale@usdoj.gov**.

(3)    Within **two business days** after the Clerk serves Petitioner's supplemental briefing via email, Respondent shall respond to the Petition in writing.  If the basis of Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent opposes release, Respondent shall either distinguish this case from <u>Lopez-Campos v. Raycraft</u>, 175 F.4th 713 (6th Cir. 2026), or state why <u>Lopez-Campos</u> otherwise does not apply.  If no such showing is made, Respondent shall state whether it consents to the issuance of the writ.

(4)    Petitioner may file a reply within **two business days** after Respondent's responsive filing.

(5)    Respondent shall not transfer Petitioner out of the West Tennessee Detention Facility during the pendency of the Petition.

**IT IS SO ORDERED,** this 7th day of July, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

2